**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BENJAMIN ALFORD, JR.,

    Plaintiff,

v.

NEW JERSEY DEPARTMENT OF
CORRECTIONS MEDICAL PROVIDER,
et al.,

    Defendants.

Civil Action No. 18-10376 (MAS) (DEA)

**MEMORANDUM OPINION**

Plaintiff is proceeding, *in forma pauperis*, with a civil rights Complaint filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding *in forma pauperis* (*see* Order, July 4, 2018, ECF No. 4), the Court must screen the Complaint to determine whether the case shall be dismissed because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having completed this screening, and for the reasons stated below, the Complaint is dismissed.

There are only two named defendants in this case: the New Jersey Department of Corrections ("NJDOC") Medical Provider, and NJDOC itself. The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. As such, the Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see P.R. Aqueduct & Sewer Auth. v. Metcalf &*

*Eddy, Inc.*, 506 U.S. 139, 146 (1993) (holding that the *Ex parte Young* exception to Eleventh Amendment immunity is inapplicable to "the States or their agencies, which retain their immunity against all suits in federal court"). Section 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338 (1979). As NJDOC is clearly a state agency, it is immune from suits under §1983.

To the extent the NJDOC Medical Provider is not a state agency, but a private contractor providing medical services for NJDOC, there is no respondeat superior liability in § 1983 actions against private corporations performing state functions. *See Weigher v. Prison Health Servs.*, 402 F. App'x 668, 670 (3d Cir. 2010) (holding that a private corporation providing medical services at a state correctional facility cannot be held liable under a theory of respondeat superior in a § 1983 suit). To state a § 1983 claim against a private contractor, Plaintiff must assert that the contractor propagated a policy or custom that led to the alleged constitutional violation against him. *See Lassoff v. New Jersey*, 414 F. Supp. 2d 483, 494 (D.N.J. 2006) (finding that "almost every court to have considered the issue" has extrapolated the holdings of *Monell v. Department of Social Services*, 436 U.S. 658 (1978), to apply to private companies performing state functions). Plaintiff must also identify the specific policy or custom in question. *Wood v. Williams*, 568 F. App'x 100, 104 (3d Cir. 2014). The Complaint, however, does not assert a policy claim, nor does it identify any specific policy that led to the alleged constitutional violation. Thus, the Complaint does not state a claim upon which relief may be granted against the NJDOC Medical Provider.

Lastly, the Complaint names an unspecified john/jane doe defendant. It nevertheless lacks specific factual allegations that would sufficiently allow the Court or any potential defendant to identify the responsible individual(s). At this stage, Plaintiff need not conclusively assert the identity of the unnamed defendant, but the Complaint still must identify specific acts of specific

defendants which would put individual defendants on notice of their alleged wrongdoing. "Although courts sometimes allow plaintiffs to plead causes of action against a 'John Doe' defendant where a plaintiff does not know the defendant's identity, they ultimately require plaintiffs, under Rule 8(a), to allege specific facts that would aid in identifying the defendant and thereby allow defendants to prepare a defense." *Ritchie v. N. Leasing Sys., Inc.*, 14 F. Supp. 3d 229, 237 (S.D.N.Y. 2014); *see Torrey v. New Jersey*, No. 13-1192, 2014 WL 941308, at *18 (D.N.J. Mar. 11, 2014); *Shirey v. Bensalem Twp.*, 501 F. Supp. 1138, 1143 (E.D. Pa. 1980). While the Complaint clearly asserts a denial of adequate medical services claim, there are insufficient factual allegations to determine who the individual may be that was responsible for the alleged violation. A § 1983 complaint should specify "the who, what, when, where, and how: the first paragraph of any newspaper story." *Badia v. Warden, HCCC*, No. 10-5662, 2011 WL 221709, at *3 (D.N.J. Jan. 19, 2011). The Complaint, accordingly, is dismissed for failure to state a claim upon which relief may be granted. In the interest of justice, Plaintiff may, within 30 days of the accompanying Order, amend the Complaint to assert a claim against a valid defendant, or provide sufficient factual allegations to identify such a defendant.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: August 23, 2018